# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CASE NO. 3:17-cv-597-FDW
# (3:14-cr-145-FDW-DCK-1)

| | |
|---|---|
| TARA GIST-SAVAGE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court on Petitioner's *pro se* Letter, (Doc. No. 1), that was docketed in the instant civil case as a 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.

## I. PROCEDURAL HISTORY

Petitioner pled guilty in the underlying criminal case to wire fraud and filing a false tax return, (3:14-cr-145, Doc. No. 23). The Court imposed a downward departure sentence of 60 months' imprisonment in light of Petitioner's non-violent criminal history. See (3:14-cr-145, Doc. Nos. 18, 23, 24). She did not appeal.

On February 19, 2016, Petitioner filed a § 2255 Motion to Vacate that the Court denied on the merits, case number 3:16-cv-101. Gist-Savage v. United States, 2016 WL 6078305 (W.D.N.C. Oct.14, 2016). The Fourth Circuit Court of Appeals affirmed. United States v. Gist-Savage, 682 Fed. Appx. 218 (4th Cir. 2017).

Presently before the Court is a letter dated August 1, 2017, in which Petitioner asks the Court to reconsider her sentence based on her rehabilitation, and impose a split sentence that would allow her to serve the remainder of her sentence on home detention. (Doc. No. 1).

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After having considered the record in this matter, the Court finds that no response is necessary from the United States. Further, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

First, Petitioner's *pro se* Letter does not appear to seek § 2255 relief and, even if it did, the Court would be required to dismiss it as an unauthorized second or successive § 2255 petition. See 28 U.S.C. § 2244(b)(3)(C).

Second, to the extent the Letter is construed as a motion for sentence reduction in the underlying criminal case, relief is denied.

United States Code Title 18, Section 3582 provides that the court may not modify a term of imprisonment once it has been imposed except, inter alia: (1) upon motion of the Director of the Bureau of Prisons if it finds that "extraordinary and compelling reasons warrant such a reduction" and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission, or (2) in the case of a defendant whose sentencing range was subsequently reduced by the Sentencing Commission, upon its own motion or motion of the

defendant or the Director of the Bureau of Prisons, after considering the factors set forth in § 3553(a), if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A)(i), (c)(2); see, e.g., Fed. R. Crim. P. 35(b) (providing for sentence reduction based on substantial assistance).

None of the circumstances set forth in § 3582 are present in the instant case. Petitioner is not before the Court for resentencing that would warrant reconsideration of the sentencing factors, the Director of the Bureau of Prisons has not applied for sentence reduction, and there has been no reduction to Petitioner's sentencing range. There is no legal mechanism whereby the Court can grant a post-sentencing reduction based on Petitioner's rehabilitative efforts under these circumstances, no matter how laudable they may be. See, e.g., United States v. Clawson, 650 F.3d 530 (4th Cir. 2011) (district court exceeded its authority by granting a Rule 35(b) motion based on factors other than substantial assistance); United States v. Emeigh, 279 F.Supp.3d 586 (D. Md. Jan. 12, 2018) (denying § 3582 application based on post-sentencing rehabilitation where the Director of the Bureau of Prisons did not move for the reduction, and the reduction was not expressly permitted by statute or the Rules of Criminal Procedure, and the sentencing guidelines had not been modified); United States v. Ramos, 2011 WL 2413463 at *2 (M.D. Fla. June 14, 2011) (refusing to consider a defendant's motion for a post-sentencing downward departure due to defendant's rehabilitative efforts); Harris v. United States, 2009 WL 303701 at *3 (W.D. Pa. Feb. 9, 2009) ("extraordinary rehabilitation … is not a basis for resentencing.") (citation omitted); United States v. Lloyd, 484 F.Supp.2d 1232, 1240 (S.D. Ala. April 25, 2007) ("A § 2255 petitioner cannot obtain a new sentencing hearing each time his history and characteristics change in some way; otherwise, federal courts would be bombarded by resentencings, forever ratcheting sentences up or down on an almost daily basis depending on whatever changes there might have been in any

of the § 3553(a) factors in the interim."). Therefore, Petitioner's request for a sentence reduction based on her post-sentencing rehabilitative efforts is denied.

IV.     **CONCLUSION**

For the reasons stated herein, the Court will dismiss the instant § 2255 action without prejudice. The *pro se* pleading is considered on the merits under § 3582 and relief is denied.

**IT IS, THEREFORE, ORDERED** that

1. The Motion to Vacate, (Doc. 1), **DISMISSED** without prejudice.
2. The Clerk of Court is ordered to close this civil case.
3. Petitioner's *pro se* Letter, (3:14-cr-145, Doc. No. 36), is construed as a motion for sentence reduction pursuant to 18 U.S.C. § 3582, and is **DENIED**.
4. The Clerk of Court is instructed to docket a copy of this Order in case number 3:14-cr-145, and terminate the pending motion, docket number 36.
5. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: April 23, 2018

Frank D. Whitney
Chief United States District Judge